**UNITED STATES**
**COMMODITY FUTURES TRADING COMMISSION**
Three Lafayette Centre
1155 21st Street, NW
Washington, DC 20581

**Office of the**
**General Counsel**
Cameron Sinsheimer
Counselor
csinsheimer@cftc.gov
(646) 746-3928

August 21, 2026

**<u>Via ECF</u>**
The Honorable Margaret M. Garnett
United States District Judge
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

***Re:*** *United States v. Van Dyke* (Case No. 26-cr-00156 (MMG))
*<u>Letter Notice of Non-Party Commodity Futures Trading Commission Amicus Brief</u>*

Dear Judge Garnett:

I write as counsel for the Commodity Futures Trading Commission ("CFTC" or "Commission") to notify the Court of the CFTC's intention to file an amicus brief in support of the United States of America's response opposing the Defendant's motion to dismiss the indictment in the above-referenced action, and to respectfully request the Court's permission to do so. A copy of the CFTC's amicus brief is attached hereto as Exhibit A.

The Commission is the federal agency charged with administering and enforcing the Commodity Exchange Act ("CEA"), 7 U.S.C. §§ 1–26. The CEA and the CFTC's rules provide the regulatory framework for the trading of commodity derivatives, including "swaps," in the United States.

Defendant Gannon Ken Van Dyke moves to dismiss the CEA charges against him on the ground that event contracts are not "swaps" subject to the CEA. Van Dyke also maintains that the CEA's anti-fraud provision cannot constitutionally apply to his conduct. Both contentions are wrong.

Congress's definition of "swap" easily encompasses Van Dyke's event contracts, and that result is amply reinforced by the CEA's broader context. Van Dyke's distortion of the CEA's text, if accepted, would undermine the Commission's jurisdiction over a huge range of event contracts whose notional volume totals into the tens of billions of dollars. Moreover, Van Dyke had clear

notice that event contracts relating to geopolitical occurrences are "swaps" based on the CEA's text, the Commission's regulatory actions, and the trading of analogous event contracts on CFTC-registered exchanges. He also had notice that the CEA's anti-fraud provision applies to his conduct, as it mirrors identical language in the Securities Exchange Act that the Supreme Court has construed for decades to prohibit insider trading.

To further explain these issues, the CFTC intends to file this amicus brief, and requests leave to do so. The CFTC has a substantial interest in how the Court addresses these issues because the CFTC is the federal agency tasked with regulating the commodity derivatives markets in the United States, including those where event contract swaps are listed and traded.

The Local Rules for this Court do not provide the procedure for or address the propriety of amicus briefs. That said, many district courts look to Fed. R. App. P. 29 for guidance. *Auto. Club of N.Y., Inc. v. Port Auth. of N.Y. and N.J.*, No. 11 Civ. 6746(RJH), 2011 WL 5865296, at *1 n.1 (S.D.N.Y. Nov. 22, 2011). Under that rule, the CFTC's amicus brief is timely ("[n]o later than 7 days after the principal brief of the party being supported is filed") and would otherwise comply with the Federal rule. Rule 29(a) allows the "United States or its officer or agency … [to] file an amicus brief without the consent of the parties or leave of court." Fed. R. App. P. 29.

In addition, district courts have "broad discretion to permit or deny the appearance of *amici curiae* in a given case." *United States v. Yaroshenko*, 86 F. Supp. 3d 289, 290 (S.D.N.Y. 2015) (internal quotations omitted) (denying motion to submit amicus brief in criminal case due to untimeliness and lack of utility, but not suggesting that an amicus brief is improper in the criminal context). Courts in this district have frequently permitted amici to participate in its proceedings. *See*, *e.g.*, *SEC v. Ripple Labs, Inc.*, No. 20-cv-10832-AT, 2021 WL 4555352, at *5 (S.D.N.Y. Oct. 4, 2021); *C & A Carbone, Inc. v. Cnty. of Rockland*, No. 08-cv-6459-ER, 2014 WL 1202699, at *3 (S.D.N.Y. Mar. 24, 2014). "An *amicus* brief should normally be allowed when … the *amicus* has an interest in some other case that may be affected by the decision in the present case … or when the *amicus* has unique information or perspective that can help the court beyond the help that the lawyers for the parties are able to provide." *Lehman XS Tr., Series 2006-GP2 v. Greenpoint Mortg. Funding, Inc.*, No. 12 CIV. 7935 ALC, 2014 WL 265784, at *2 (S.D.N.Y. Jan. 23, 2014) (quoting *Ryan v. CFTC*, 125 F.3d 1062, 1063 (7th Cir. 1997)); *see also Auto. Club of N.Y., Inc.*, 2011 WL 5865296, at *1 ("The usual rationale for *amicus curiae* submissions is that they are of aid to the court and offer insights not available from the parties.").

Here, the proposed amicus brief is both timely and useful, and will aid the court in its deliberation of this matter by offering insights not available from the parties.

For the foregoing reasons, the CFTC notifies the Court of the CFTC's intention to file the amicus brief attached hereto as Exhibit A, and respectfully request the Court's permission to do so. The CFTC appreciates the Court's attention to this matter.

Sincerely,

*/s/ Cameron Sinsheimer*

**Cameron Sinsheimer**
Counselor
Office of the General Counsel

Commodity Futures Trading Commission

cc: Counsel of record via ECF