# AGNIFILO INTRATER

August 24, 2026

**VIA ECF**

The Honorable Margaret M. Garnett
United States District Judge
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

**Re: *United States v. Van Dyke*, 26-cr-00156 (MMG)**

Dear Judge Garnett:

On behalf of Defendant Gannon Ken Van Dyke, we write to oppose the Commodity Futures Trading Commission ("CFTC")'s request for leave to file an amicus brief (Dkt. 28) in opposition to Mr. Van Dyke's motion to dismiss the indictment. It is remarkable that the CFTC, desperate to stay the action that it itself saw fit to bring against Mr. Van Dyke (accompanied by a press release), now wants to weigh in on the supposedly separate criminal case before this Court.

The CFTC is no sheep "friend of the Court" here. It is a regulatory wolf, with its own case against Mr. Van Dyke that it refuses to pursue itself. Rather, like a true coursing predator, the CTFC seeks to advance its own interests through the back door of an amicus brief instead of facing its own case against Mr. Van Dyke head on. This Court should not countenance the CFTC's litigation gambits.[1] And in any event, Mr. Van Dyke should not be forced to defend against both the Government and an agency taking the role of a second prosecutor.

Consistent with the translation of "*amicus curiae*," leave to file an amicus brief should only be granted when the non-party "serve[s] as an objective, neutral, dispassionate 'friend of the court.'" *United States v. Giotti*, 755 F. Supp. 1157, 1158 (E.D.N.Y. 1991) (denying leave). Amicus briefs are helpful to the Court when they "provide supplementary assistance to existing counsel and insur[e] a complete and plenary presentation of difficult issues so that the court may reach a proper decision." *Id.* However, briefs that largely duplicate the arguments of a party "do not assist the court in the least." *Id.* (noting that proposed amicus brief failed to cite or discuss any significant cases not covered in the parties' briefs). When a non-party "has come as an advocate for one side," an amicus brief "does the court, itself and fundamental notions of fairness a disservice." *Id.*

[1] Indeed, the CFTC's remarkable action here has other implications: First, we may seek to use this attempted intervention as evidence that the CFTC is actually part of the prosecution team in this case, and that Mr. Van Dyke should be entitled to discovery from the CFTC. Second, we plan to move for reconsideration of Judge Carter's order to stay the CFTC's enforcement action against Mr. Van Dyke. If the CFTC is so eager to decide these issues, in which it has its own interests, then it should litigate the case it brought. It should not hide behind the criminal case, taking potshots from the hills.

Therefore, when the non-party seeking leave to file an amicus brief appears to be "an advocate of one of the parties to the litigation, leave to appear *amicus curiae* should be denied." *Liberty Lincoln Mercury, Inc. v. Ford Marketing Corp*., 149 F.R.D. 65, 82 (D.N.J. 1993). As Judge Posner explained:

> "The vast majority of amicus curiae briefs are filed by allies of litigants and duplicate the arguments made in the litigants' briefs, in effect merely extending the length of the litigant's brief. Such amicus briefs should not be allowed. They are an abuse. The term 'amicus curiae' means friend of the court, not friend of a party."

*Ryan v. Commodity Futures Trading Commission*, 125 F.3d 1062, 1064 (7th Cir. 1997) (Posner, J.).

The CFTC's proposed amicus is a classic case of improper bolstering by an interested party with no helpful, neutral discussion of the issues to offer the Court. Conviction in this action would have a preclusive effect on the CFTC's enforcement action. But instead of litigating the issue in its own action, the CFTC argued in favor of a stay over Mr. Van Dyke's objection, which Judge Carter granted.[2] Having successfully blocked Mr. Van Dyke from litigating the civil case *it chose to bring*, the CFTC now inserts itself into this criminal prosecution as an *amicus curiae*, merely redoubling the prosecution's arguments to obtain a criminal conviction against Mr. Van Dyke. Note, too, that the CFTC even presumes to opine on void-for-vagueness and fair notice, criminal law doctrines outside the bounds of its purported expertise. This breathtaking act of overstepping extinguishes any notion that the CFTC is a mere neutral "friend" offering a regulatory perspective. Instead, Mr. Van Dyke is subjected to coordinated prosecution by two government agencies acting in tandem, while denying him the forum in which he sought to litigate the parallel civil matter.

* * *

[2] The CFTC initiated a parallel civil enforcement action against Mr. Van Dyke, *CFTC v. Van Dyke*, No. 26-cv-03369 (ALC) (S.D.N.Y.). In that case, Mr. Van Dyke sought to litigate promptly, requesting a pre-motion conference on his anticipated motion to dismiss so he could "clear his name" (ECF 33). The CFTC, however, supported the Southern District of New York's Motion to Intervene and Stay, and asked the court to stay the case in its entirety to "avoid[] dueling litigation." (ECF 31). On August 7, 2026, the court granted a complete stay pending the criminal proceeding (ECF 34) over the defense objection.

For the foregoing reasons, we respectfully request that the Court deny the CFTC leave to file its proposed amicus brief. Should the Court grant leave, we request an opportunity to file a response on a schedule set by the Court.

Respectfully submitted,

Teny Geragos, Esq.
Zach Intrater, Esq.
Jason Driscoll, Esq.
Daniela Manzi, Esq.
AGNIFILO INTRATER LLP

/s/
Mark J. Geragos, Esq.
Tina Glandian, Esq.
GERAGOS & GERAGOS P.C.

cc: All counsel (via ECF and email)