USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 8/24/2026

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,
Plaintiff,

-against-

GANNON KEN VAN DYKE,
Defendant.

26-CR-00156 (MMG)

**ORDER**

MARGARET M. GARNETT, United States District Judge:

Before the Court is a request for leave to file a brief as *amicus curiae*, brought by the Commodity Futures Trading Commission ("CFTC"). Dkt. No. 28. The request is opposed by Defendant who contends that the proposed amicus brief is a "classic case of improper bolstering by an interested party." *See* Dkt. No. 29 at 2. The Court disagrees, and the CFTC's request for leave to file its *amicus* brief is hereby GRANTED.

Although no rule governs the filing of *amicus* briefs in the Southern District of New York, it is well-settled in this District that "[r]esolution of a motion for leave to file an *amicus* brief . . . lies in the 'firm discretion' of the district court." *C & A Carbone, Inc. v. Cnty. of Rockland, NY*, No. 08-CV-06459 (ER), 2014 WL 1202699, at *3 (S.D.N.Y. Mar. 24, 2014) (citing *Lehman XS Tr., Series 2006-GP2 v. Greenpoint Mortg. Funding, Inc.*, No. 12-CV-07935 (ALC), 2014 WL 265784, at *1 (S.D.N.Y. Jan. 23, 2014)). "The usual rationale for *amicus curiae* submissions is that they are of aid to the court and offer insights not available from the parties." *Women for Am. First v. De Blasio*, No. 20-CV-05746 (LGS), 2020 WL 4904057, at *2 (S.D.N.Y. Aug. 18, 2020) (internal reference omitted).

The CFTC is the federal agency charged with administering and enforcing the Commodity Exchange Act ("CEA"), 7 U.S.C. §§ 1–26. The CEA and the CFTC's corresponding rules provide the regulatory framework for the trading of commodity derivatives, including "swaps," in the United States. The question of whether the event contracts charged in the Indictment constitute "swaps" subject to the CEA is a key legal issue in this case. *See, e.g.*, Defendant's Memorandum in Support of his Motion to Dismiss, Dkt. No. 23 at 6-21. Accordingly, the CFTC's regulatory perspective on this question has the potential to aid the Court and "offer insights not available from the parties." *Women for Am. First*, 2020 WL 4904057, at *2.

Nevertheless, the Court is mindful of the points raised in Defendant's letter and will accord the *amicus* brief its appropriate weight. While no response is required, the Government and Defendant may, if they wish, submit a supplemental filing responding to any arguments made in the CFTC's *amicus* brief that have not already been addressed by the parties in their briefing on the Defendant's Motion to Dismiss. Any supplemental filing must not exceed ten (10) pages and shall be filed by no later than **September 9, 2026**.

The CFTC's request for leave to file its brief as *amicus curiae* in support of the Government's opposition to Defendant's Motion to Dismiss is GRANTED. The proposed brief appended to the CFTC's letter at Dkt. No. 28-1 shall be made part of the record in this case.

Dated: August 24, 2026
New York, New York

SO ORDERED.

MARGARET M. GARNETT
United States District Judge