**AGNIFILO**
**INTRATER**

September 28, 2026

**<u>VIA ECF</u>**
The Honorable Margaret M. Garnett
United States District Judge
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

**Re: *United States v. Van Dyke*, 26-cr-00156 (MMG)**

Dear Judge Garnett:

We write to provide further newly-decided supplemental authority in support of Mr. Van Dyke's motion to dismiss the Indictment, Dkt.22 ("Mot."), and to supplement our previous filing, Dkt.32, regarding *KalshiEX, LLC v. Assad*, No. 25-7516, — F.4th —, 2026 WL 2543846 (9th Cir. Aug. 28, 2026).

On September 16, 2026, the Ninth Circuit decided *Blue Lake Rancheria v. Kalshi, Inc.*, No. 25-7504, — F.4th —, 2026 WL 2728466 (9th Cir. Sept. 16, 2026). *Blue Lake* confirmed that *Assad*'s construction of the Commodity Exchange Act's swap definition, 7 U.S.C. § 1a(47)(A)(ii), is now settled Ninth Circuit law. A unanimous panel held that binary event contracts listed on a CFTC-designated contract market "are likely not swaps under the CEA" and therefore fall outside the Commission's exclusive jurisdiction under 7 U.S.C. § 2(a)(1)(A). *Blue Lake*, 2026 WL 2728466 at *13.

The Indictment's CEA counts are <u>only</u> viable if <u>any</u> binary contract contingent on "the occurrence, nonoccurrence, or the extent of the occurrence of an event" is a "swap" within the meaning of § 1a(47)(A)(ii). Two published panels within three weeks have now rejected that very premise.

The methodology of *Blue Lake* is as significant as its holding. The panel applied a functional, substance-over-label analysis, quoting *Assad*'s holding that "[t]he substance of the sports event contracts offered on Kalshi's DCM is sports gambling, regardless of whether Kalshi calls them swaps," and explaining that the inquiry "asks what the activity looks like," not what the operator labels it. *Blue Lake*, 2026 WL 2728466 at *8. The panel likewise held that self-certification and listing on a designated contract market do not make something a swap – rather, it is the true character of the instrument that matters in a Court's analysis. The same reasoning applies with equal force here: the government cannot establish the swap element of the charged offenses by pointing to labels, listing status, or regulatory vocabulary.

Finally, *Blue Lake* underscores the fair-notice and lenity arguments presented in Van Dyke's motion to dismiss. *Blue Lake* affirmed dismissal of the plaintiffs' Lanham Act claim, holding that statements about the lawfulness of event contracts are nonactionable opinion precisely because "[t]he legality of Kalshi's products remains unsettled," *id.* at *15, canvassing the

deepening disagreement among the courts of appeals, including the direct conflict between *Assad* and *KalshiEX, LLC v. Flaherty*, 172 F.4th 220 (3d Cir. 2026). A published court of appeals decision has now described the legal status of the very category of instruments at issue as "unsettled." The circuits are divided over the controlling statutory definition. No one has ever been prosecuted – anywhere – for the conduct charged. In these circumstances, due process and the rule of lenity foreclose a criminal prosecution premised on the government's preferred (but disputed) reading.

In addition to *Blue Lake*, a recent district court opinion has squarely endorsed Mr. Van Dyke's motion to dismiss arguments. In *Kalshiex LLC v. Bird*, the Southern District of Iowa observed that, "[r]ead collectively, the definitions of 'swap' in § 1a(47)(a) show that Congress was focused on financial instruments that hedge risk for direct market participants, not gambling contracts." No. 4:26-CV-00109-SHL-HCA, 2026 WL 2691009, at *10 (S.D. Iowa Sept. 8, 2026). Accordingly, the decision held, "Congress intended for subsection (ii) to refer to the *subset* of 'agreement[s], contract[s], or transaction[s]' that involve financial instruments like those identified in subsections §§ 1a(47)(a)(i) and (iii) that are designed to help market participants hedge risk in asset markets like commodities, equities, and housing." *Id.* at *11. Event contracts like the ones at issue here "do not fit within this definition." *Id.*

We respectfully submit that *Blue Lake* and *Bird* provide further support for dismissal of the Indictment and thank the Court for its consideration.

Respectfully submitted,

Teny Geragos, Esq.
Zach Intrater, Esq.
Jason Driscoll, Esq.
Daniela Manzi, Esq.
AGNIFILO INTRATER LLP

/s/

Mark J. Geragos, Esq.
Tina Glandian, Esq.
GERAGOS & GERAGOS P.C.

cc: All counsel (via ECF and email)