**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Jacob K. Javits Federal Building*
*26 Federal Plaza, 37th Floor*
*New York, New York 10278*

September 30, 2026

**BY ECF**

The Honorable Margaret M. Garnett
United States District Court
Southern District of New York
40 Foley Square
New York, New York 10007

**Re: *United States v. Gannon Ken Van Dyke*, 26 Cr. 156 (MMG)**

Dear Judge Garnett:

The Government respectfully writes in response to the defendant's successive letter briefs filed on September 28, 2026, providing the Court with newly decided supplemental authority from the Sixth Circuit and Ninth Circuit Courts of Appeals. *See* Dkt. Nos. 36-37. The defendant's letters misstate the courts' holdings and make flawed arguments from those misstatements of law.

Contrary to the defendant's claim, neither the Sixth Circuit nor Ninth Circuit held that "binary event contracts listed on a CFTC-designated contract market 'are likely not swaps under the CEA' and therefore fall outside the [CFTC's] exclusive jurisdiction[.]" (Dkt. No. 36 at 1). Rather, both Courts of Appeals, in civil litigation concerning whether Congress could have intended the Commodity Exchange Act ("CEA") to preempt state gambling regulation, addressed only sports event contracts, *e.g.*, "how many corner kicks will be taken in a soccer game." *KalshiEX LLC v. Schuler*, No. 26-3196, 2026 WL 2884087, at *4 (6th Cir. Sept. 25, 2026).

Diverging from the Third Circuit, which held sports event contracts are swaps, *KalshiEX v. Flaherty*, 172 F.4th 220, 227 (3d Cir. 2026), the Sixth and Ninth Circuits held that at least certain sports event contracts offered on designated contract markets likely are not swaps. *Schuler*, 2026 WL 2884087, at *1 ("We hold that Kalshi has not shown that its sports-event contracts satisfy the statutory definition of a 'swap'"); *KalshiEX v. Assad*, No. 25-7516, 2026 WL 2543846, at *15 (9th Cir. Aug. 28, 2026) ("Kalshi's 'sports event contracts are likely not swaps under the CEA'"). Notably, the Ninth Circuit declined the State of Nevada's invitation to find that Kalshi's election event contracts are not swaps, and the concurring opinion left open the possibility that certain sports event contracts may qualify as swaps. *Assad*, 2026 WL 2543846, at *19. The defendant suggests *Blue Lake Rancheria v. Kalshi*, No. 25-7504, 2026 WL 2728466, at *13 (9th Cir. Sept. 16, 2026) opined on the definition of a swap. It did not. Rather, that case, relying on *Assad's* interpretation of swap, decided whether Kalshi's sports event contracts constitute "gaming" under the Indian Gaming Regulation Act. Indeed, the opinion explained that its holding was not contingent on the definition of a swap. *Id.* at *13.

Those decisions, which are from outside of this Circuit and are not binding on this Court, involve civil preemption issues that have no application here and involve sports event contracts having nothing to do with the swaps alleged in the Indictment, much less the adequacy of the Indictment's allegations. But even applying the Sixth and Ninth Circuits' narrow reading of the definition of swap—and there are compelling reason not to—the event contracts in this case, which involve major military action against Venezuela and the removal of a foreign head of state, qualify as swaps because they are inherently economic and investors and institutions could have used them to hedge exposure to potential financial consequences. *See* Dkt. No. 25 at 13-14.

The Government intends to address the Sixth and Ninth Circuit decisions and the defendant's arguments about them at the oral argument scheduled for October 7, 2026.

Respectfully submitted,

SEAN S. BUCKLEY
Deputy United States Attorney
Attorney for the United States,
Acting Under Authority Conferred
by 28 U.S.C. § 515

By: ______________________________

Nicholas W. Chiuchiolo
Ryan B. Finkel
Juliana N. Murray
Assistant United States Attorneys
(212) 637-1247/ -6612/ -2314

cc: all counsel of record (by ECF)